PETER HAJIAN ASSOCIATES

v.

BOARD OF LIBRARY TRUST-EES/BUILDING COMMITTEE, TOWN OF CUMBERLAND, Through its Treasurer, George CROSS.

No. 95–406–Appeal.

Supreme Court of Rhode Island.

Nov. 21, 1996.

Girard Visconti, Providence.

Thomas Hefner, Greenville, Richard W. Petrocelli, Providence.

### ORDER

This case came before the Supreme Court for oral argument on November 8, 1996, pursuant to an order directing the plaintiff, Peter Hajian Associates, to show cause why its appeal should not be summarily decided. The plaintiff has appealed from the entry of judgment in favor of the defendant, the Board of Library Trustees/Building Committee for the Town of Cumberland.

After hearing the arguments of counsel and after reviewing the memoranda submitted by the parties, this Court concludes that cause has not been shown and, therefore, the appeal will be decided at this time.

The plaintiff was an unsuccessful bidder on a proposed architectural service contract to build an addition to the Cumberland town library. The plaintiff contended that the award was made in violation of the Award of Municipal Contracts Act, G.L.1956 (1991 Reenactment) Chapter 55 of Title 45 (Cum. Supp.) because the award was inappropriately made to a higher bidder. The plaintiff also contended that the bid was awarded through competitive negotiation, not competitive bidding, and maintained that the request for proposals did not contain the requirement that a bidder must have experience in designing libraries. The plaintiff's bid was $241,152, whereas the bid of the successful bidder, Extrados Architects, Ltd. (Extrados) was $336,000. The plaintiff filed suit in the Superior Court seeking an order requiring that the contract be awarded to him; Extrados intervened.

In rendering his opinion the trial justice noted that the published request for proposals cited six specific criteria that would be used by the proposal evaluation team, and that because each proposal was evaluated on the basis of these criteria, the invitation for bids conformed to the requirements of § 45–55–5(2) for a competitive evaluated bid.

In addition, the trial justice found that both plaintiff and Extrados supplemented their proposals with information describing their experience. Moreover, he noted that the "record is clear" that all of the town agencies found plaintiff was not qualified to do the proposed work to the reasonable satisfaction of the Building Committee and the Town and found as a fact that the Building Committee had noted that plaintiff was not as qualified as Extrados was to do this particular job. In addition, the trial justice noted, "[T]here is not a scintilla of evidence nor does the plaintiff suggest that the committee was corruptly influenced or was acting in bad faith." The trial justice refused to set aside the contract award and pointed out this Court's holding in *Gilbane Building Company v. Board of Trustees of State Colleges,* 107 R.I. 295, 267 A.2d 396 (1970), in which we stated that "the judiciary will interfere with an award only when it is shown that an officer or officers charged with making the decision has acted corruptly or in bad faith or so unreasonably or so arbitrarily as to be guilty of a palpable abuse of discretion." *Id.* at 300, 267 A.2d at 399. Finally, the trial justice noted this Court's "ringing admonition" in *Truk Away of Rhode Island, Inc. v. Macera Brothers of Cranston, Inc.,* 643 A.2d 811, 816 (1994) that "all Superior Court justices exercise great care before issuing an injunction vacating an award of either a state or a municipal contract."

It is well settled that the findings made by the trial court sitting without a jury are accorded great weight by this Court and will not be disturbed on appeal absent a determination that the trial judge misconceived or overlooked relevant evidence or was otherwise clearly wrong. *Picard v. Barry Pontiac–Buick,* 654 A.2d 690, 693 (R.I.1995).

Having carefully reviewed the record in this case, we are of the opinion that the trial justice did not misconceive or overlook any relevant evidence but applied the proper standard in reviewing municipal contracts. Consequently, we deny and dismiss the appeal and affirm the judgment of the Superior Court to which we return the papers in this case.