DECISION
This matter is before the Court on Newport School Committee's request for declaratory and injunctive relief against Econotel Business Systems (Econotel). Econotel unsuccessfully bid for the contract to install a telephone system in the Newport Schools. Though Econotel offered the lowest monetary bid, the contract was offered to Williams Communications Solutions (Williams). Econotel now threatens suit if Plaintiff forges a contract with Williams. Plaintiff petitions this Court to determine its legal rights and duties with respect to both defendants. Jurisdiction is pursuant to R.I.G.L. (1956 (1985 Reenactment) § 9-30-1, et seq.
 FACTS[1]
Plaintiff is the duly elected political party known as the Newport School Committee. As such, the Plaintiff is authorized and empowered and is responsible for the operations of the school department in the City of Newport. In or about July 1998, the School Committee authorized the advertising of invitations to bid for the installation of a telephone system in the Newport School Department. The bidding policy contained six considerations on which the bidders would be evaluated; total cost, meeting operational needs, vendor capacity/experience, vendor financial stability, RFP completeness and support in the future. The need for the telephone system was determined by the age of the system at the elementary school level and the administration building. Two of the three school buildings at Underwood School (elementary) were also not covered by telephone service.
The business manager for the Newport School Department, Paul Winthrop, created the specifications and the review criteria for the invitations to bid. Mr. Winthrop created the specifications and the invitations to bid by reference to prior school department bids and by communication with the data processing administrator for the City of Newport which had successfully installed a telephone system in city buildings for the City of Newport a year previously. Williams Communications Solutions was the successful bidder for the City of Newport installation.
The time for submitting sealed proposals ended on August 7, 1998, the invitations to bid having been sent to numerous known vendors and advertised in the Newport Daily News and theProvidence Journal. Five responded to the invitation to bid. They were 1) Defendant Econotel Business Systems, Inc.; 2) Defendant Williams Communications Solutions; 3) Executone of Rhode Island 4) Lucent Technologies and 5) TimTel. Monetarily, Econotel produced the lowest bid.
The School Committee, through its business manager, determined that analysis of the submitted bids involved technical knowledge that required outside assistance. Mr. Winthrop, who has been in his position for 12 years, is the person responsible for creating the invitations to bid, reviewing them and making a recommendation for selection to the School Committee.
The School Committee, through Mr. Winthrop, engaged the services of an independent telephone consultant, Barry J. Spillberg, President of Advanced Teleconsulting of Sharon, Massachusetts to review the proposals and to provide comments to the School Committee. Mr. Spillberg has previously been used by the Newport School Department for consultation advice. The independent consultant provided an analysis to the School Committee. After reviewing the consultant's report, the business manager recommended the award of the contract to Williams based not only on this independent report, but also on his review of the bid responses and the fact that Williams was recently awarded a contract with the City of Newport for replacing the phone system at City Hall, Police and Fire Stations to which the School Department would be connecting. The installation of these other systems had been completed in one weekend with little interruption of service.[2] The School Department interacts with City Hall for budgetary matters and with the Fire Station and Police Station for safety and emergency matters.
Based on the recommendation of the business manager and having read and reviewed all of the bids and the independent analysis, the Superintendent of Schools recommended to the School Committee that the contract be awarded to Williams. The School Committee voted on October 13, 1998 to award the contract to Williams. Econotel notified the School Committee that it will sue the Committee if it enters into the contract with Williams, claiming that Econotel was the low bidder and is entitled to the award of the contract. Plaintiff has filed the instant request for declaratory and injunctive relief against Econotel. The parties agreed to the disposition of the issue in this Court under the Uniform Declaratory Judgment Act, R.I.G.L. 9-30-16.
 Standard of Review
In reviewing the bidding process, the Judiciary will interfere with the award of a state or municipal contract only in the event that the awarding authority has "acted corruptly or in bad faith, or so unreasonably or so arbitrarily as to be guilty of a palpable abuse of discretion" H.V. Collins Co. v. Tarro,696 A.2d 298, 301 (R.I. 1997) citing Paul Goldman, Inc. v. Burns,109 R.I. 236, 240, 283 A.2d 673, 676 (1971); Gilbane Building Co. v.Bd., of Trustees of State Colleges, 107 R.I. 295, 300,267 A.2d 396, 399 (1970). "When officials in charge of awarding a public work's contract have acted fairly and honestly with reasonable exercise of a sound discretion, their actions shall not be interfered with by the courts." Truk Away of Rhode Island, Inc.v. Macera Bros. of Cranston, Inc., 643 A.2d 811 (R.I. 1994) (quoting Gilbane, 107 R.I. at 302, 267 A.2d at 400). See alsoPeter Hajian Associates v. Bd. of Library Trustees/BuildingCommittee, Town of Cumberland, 685 A.2d 283 (R.I. 1996) (no error when town awarded contract to a higher bidder in a competitive evaluated bid process).
 Under H.V. Collins v. Tarro, Contract Need Not Be Awarded To Lowest Bidder
It is well settled that the appropriate standard to be applied in bidding disputes is whether the Newport School Committee "acted fairly and honestly and with reasonable exercise of a sound discretion." H.V. Collins Co., 696 A.2d at 305; quoting Truk Away of Rhode Island, 643 A.2d at 815; Gilbane, 267 A.2d at 400. Defendant Econotel argues that in awarding the contract to Williams the School Committee "changed the rules after the game was played." Econotel alleges that the criteria presented to the bidders did not contain all the requirements to be considered by the Committee in actually awarding the bid. Specifically, Econotel points to the fact that the business manager was swayed by the fact that unlike Econotel, Williams bad recently successfully performed work for the City of Newport.Letter from Paul A. Winthrop to Rodrego Borgueta, Superintendent. Econotel argues that recent experience in the City was not explicitly listed in the criteria list given to each bidder.
Furthermore, Econotel argues that the consultants report gave it the highest marks of all bidders. In support of his assertion, Econotel cites the following language from the consultant's report under the category of vendor capability/experience: "[o]ur recent experiences with Williams indicate that this vendor does a barely adequate job in installation management . . . The one vendor who stands out, especially in the small market, is Econotel." Memorandum from Barry J. Spillberg at 3.
In response to this allegation, the Plaintiff and Defendant Williams argue that Williams' successful completion of a similar job in the City was considered as part of the category entitled "vendor's capability and experience" as well as the vendor's ability to "meet . . . operational needs" both of which were listed in the invitation to bid. The plaintiff further points out that the consultant's report also contains the following language that seemingly balances that cited by Econotel: "[o]verall, Econotel is top-rated with Williams close behind. The SchoolDepartment would find the selection of either vendor worthy ofits notice." Id. at 4 (emphasis added). Additionally, the Plaintiff argues that the consultant was merely hired in order to aid in the evaluation, of technological information presented in a bid of this kind. The business manager is not required to hire a consultant at all and, therefore, his report does not carry as much weight as Econotel claims.
Last year, the Rhode Island Supreme Court decided H. V.Collins Co. v. Tarro, 696 A.2d 298 (1997) which decidedly governs the resolution of the matter at bar. In Collins, as here, the issue presented to the Court was whether a school committee acted improperly by awarding a construction bid to a vendor that had not supplied the lowest bid. The Supreme Court said that in considering to whom a bid should be awarded, the committee must take into account factors beyond price in order to determine who is the "best" or "superior bidder." Collins, 696 A.2d at 303. "The awarding authority is not necessarily required to award the contract to the responsible bidder who minimally satisfies the criteria in the RFP and submits the lowest bid price." Id.
In the instant matter, as in Collins, the School Committee established certain criteria against which each bidder was measured. In addition to careful consideration of such factors as experience, qualifications, quality of work, future support for the system, vendor's ability to meet operational needs, financial security and total cost, the business manager and the School Committee hired an independent consultant to aid in the evaluation of the more technical aspects of these bids. Based on these facts, this Court is of the opinion that the decision to award the contract to Williams was well informed and lay solely with the awarding entity irrespective of the independent report. Furthermore, careful review of the record indicates that the award to Williams is, in fact, consistent with the independent report, despite Econotel's assertions to the contrary.
This Court is also confident that the aforementioned criteria were sufficiently objective and fair in the evaluation of the original five bids. Further, this Court believes that these criteria were clearly articulated to the bidders and encompassed such considerations as whether the competing companies had, at some time, performed work for the City of Newport. For these reasons, the Newport School Committee properly exercised its discretion in offering the contract to Williams Communications Solutions.
As articulated in H. V. Collins, when officials in charge of awarding a public work's contract have acted fairly and honestly with reasonable exercise of a sound discretion, their actions shall not be interfered with by the courts." 696 A.2d at 305 quoting Truk Away, 643 A.2d at 815 (quoting Gilbane, 267 A.2d at 400). Accordingly, the School Committee and Williams may enter into a contact for the work. Any counterclaims are denied as a result of this decision. Additionally, Williams' request for attorneys fees is also denied because the protests of Econotel were made in good faith and, as it was the lowest bidder, this Court is sympathetic to their position even though it does not pass the H. V. Collins standard.
Counsel shall enter the appropriate judgment.
[1] The facts provided are those to which the parties have stipulated.
[2] The business manager also consulted with the data processing administrator for the City of Newport regarding the City's assessment of Williams and its installation. The data processing administrator expressed a high degree of satisfaction with Williams.